UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:19-CV-62193

MISMA RIVERA,

    Plaintiff,

v.

GEORGIAN COURT APARTMENTS, INC.,

    Defendant.
_____/

## FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL
## INJUNCTIVE RELIEF SOUGHT

Plaintiff MISMA RIVERA ("Plaintiff") sues Defendant GEORGIAN COURT APARTMENTS, INC. ("Defendant") for violating 42 U.S.C. § 3601 *et seq.*, the Fair Housing Act.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 42 U.S.C. § 3613(a), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2. Venue in this District is proper because the subject property is located in this district, Plaintiff resides in this district, Defendant transacts business in this district, and the complained conduct of Defendant occurred in this district.

## PARTIES

3. Plaintiff is a natural person and a citizen of the State of Florida, residing in Broward County.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540

www.JibraelLaw.com

4. Defendant is a Florida corporation, with its principal place of business located in Fort Lauderdale, Florida.

## DEMAND FOR JURY TRIAL

5. Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## FACTUAL ALLEGATIONS

6. Plaintiff is a single immigrant mother raising two young children.

7. As a result of a prior traumatic event, Plaintiff suffers depression and anxiety which substantially limits one or more major life activities of Plaintiff. For example, due to this emotional disability, Plaintiff has limitations with respect to stress and anxiety that, if exceeded, physically manifest and can substantially impair Plaintiff's ability to earn an income and the enjoyment of day-to-day life.

8. Plaintiff owns a two-year-old cat, Dolce, that helps alleviate Plaintiff's anxiety, depression, and other symptoms resulting from Plaintiff's emotional disability. Dolce is an emotional support animal ("ESA") that serves to address the needs caused by Plaintiff's disability.

9. On or about July 9, 2019 Plaintiff submitted an application to rent one of the properties Defendant holds open to the public for rent, namely, the dwelling located at 1801 N.E. 62nt Street, Building 1, Unit 101, Fort Lauderdale, Florida 33308 (the "Dwelling").

10. Defendant informed Plaintiff that: (a) Defendant had a no-pet policy; and (b) in order to approve Plaintiff's application to rent the Dwelling, Plaintiff had to be interviewed by Defendant's board of directors.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540

www.JibraelLaw.com

11. In light of Defendant's no-pet policy, and in preparation of the interview with the board of trustees, Plaintiff's therapist provided Plaintiff with a letter regarding Dolce's status as Plaintiff's ESA and to otherwise support an accommodation request under the FHA.

12. On August 14, 2019, Plaintiff was interviewed by Defendant's board of directors. At the interview, in an attempt to obtain an accommodation, Plaintiff presented the letter from Plaintiff's therapist to Defendant's board of directors which stated, in relevant part:

> Due to her emotional disability, Misma Rivera has certain limitations related to coping and with stress and anxiety. In order to help alleviate these symptoms, enhance her ability to function interpedently, and to fully use and enjoy the dwelling unit located at 1801 NE 62nd Street, Fort Lauderdale, FL 33308, I have recommended for Misma Rivera to obtain a pet or emotional support animal. The Emotional Support Animal is a domestic cat named Dolce whom she has had for two years. The presence of this animal is necessary for the emotional health of Misma Rivera, considering that its presence will mitigate the symptoms she is currently experiencing and will help alleviate these challenges.

13. Less than a week later on August 19, 2019, without requesting any additional information concerning Plaintiff's disability and requested accommodation, Defendant denied Plaintiff's accommodation request and application to rent the Dwelling. In the written denial provided to Plaintiff, Defendant stated, in relevant part, "… with regards to the application submitted for Unit 101 by Ms. Rivera, the Board of Directors has reviewed this matter and is hereby denying this application based on the following: **Page 3 No. 9 – No Pets Allowed….**"

## *COUNT I.*
## **VIOLATION OF 42 U.S.C. § 3604(f)(1)**

14. Plaintiff incorporates by reference paragraphs 1-13 of this Complaint as though fully stated herein.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540

www.JibraelLaw.com

15. Section 3604(f)(1) of the FHA makes it unlawful to discriminate in the rental of, or to otherwise make unavailable or deny, a dwelling because of a disability of the renter or a person associated with the renter.

16. As set forth in more detail above, Plaintiff suffers from a mental impairment, which renders Plaintiff disabled for purposes of the FHA.

17. At minimum, upon Plaintiff's interview with the Defendant's board of trustees, wherein Plaintiff's provided the letter obtained from her therapist and requested an accommodation, Defendant had notice of Plaintiff's disability and the ability to conduct a meaningful review.

18. As a result of Plaintiff's disability, Plaintiff required the aid of her ESA, Dolce, to alleviate the challenges caused by her disability and to fully use and enjoy the benefits of the Dwelling. It was not until Plaintiff revealed to Defendant's board of directors that Plaintiff suffered from a disability and required an accommodation which necessitated Plaintiff's need for her ESA, Dolce, that Defendant denied Plaintiff's rental application for the Dwelling.

19. A discriminatory purpose, and not any legitimate reason, was a motivating factor behind Defendant's denial of Plaintiff's application to rent the Dwelling.

20. As such, Defendant discriminated against Plaintiff by denying Plaintiff's application to rent the Dwelling, of which Plaintiff was otherwise fully qualified for, because Plaintiff's disability necessitated a need for an ESA.

21. As a result of Defendant's unlawful denial of Plaintiff's rental application for the Dwelling, Plaintiff has suffered pain, emotional distress, embarrassment, and costs associated with seeking to resolve the matter.

22. WHEREFORE, Plaintiff, respectfully, requests that this Court:

    (a) Declare the above-mentioned actions, omissions, polices, and procedures, of Defendant to be in violation of the Fair Housing Act.

    (b) Award damages to Plaintiff against Defendant.

    (c) Award Plaintiff costs and reasonable attorneys' fees; and

    (d) Any other relief that this Court deems appropriate and just under the circumstances.

## COUNT II.
## VIOLATION OF 42 U.S.C. § 3604(f)(3)

23. Plaintiff incorporates by reference paragraphs 1-21 of this Complaint as though fully stated herein.

24. As stated above, Plaintiff suffers from a mental impairment and is disabled within the meaning of the FHA. Plaintiff requested a reasonable accommodation at Plaintiff's interview with Defendant's board of directors, *namely*, the allowance of Plaintiff's ESA, Dolce, and provided Defendant with documentation from her ("Plaintiff's) therapist evidencing that the requested accommodation was necessary to afford Plaintiff an opportunity to use and enjoy the Dwelling. Defendant, however, conducted no meaningful review of Plaintiff's request nor sought any additional information concerning Plaintiff's disability and ESA, instead Defendant refused the accommodation requested by Plaintiff, explicitly, denying Plaintiff's rental application less than a week after Plaintiff's request was made because Defendant had a no-pet policy.

25. As a result of Defendant's unlawful failure-to-accommodate, Plaintiff has suffered pain, emotional distress, embarrassment, and costs associated with seeking to resolve the matter.

26. WHEREFORE, Plaintiff, respectfully, requests that this Court:

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540

www.JibraelLaw.com

(a) Declare the above-mentioned actions, omissions, polices, and procedures, of Defendant to be in violation of the Fair Housing Act.

(b) Award damages to Plaintiff against Defendant.

(c) Award Plaintiff costs and reasonable attorneys' fees; and

(d) Any other relief that this Court deems appropriate and just under the circumstances.

DATED: October 14, 2019

Respectfully Submitted,

 /s/ Jibrael S. Hindi
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:   jibrael@jibraellaw.com
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:   tom@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:    954-907-1136
Fax:      855-529-9540

*COUNSEL FOR PLAINTIFF*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 14, 2019, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

 /s/ Thomas J. Patti
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377

PAGE | **6** of **6**
LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540

www.JibraelLaw.com