UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-CV-62193

MISMA RIVERA,

    Plaintiff,
v.

GEORGIAN COURT
APARTMENTS, INC.,

    Defendant.
_____/

**DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant, GEORGIAN COURT APARTMENTS, INC., ("Georgian Court" or "Defendant") pursuant to Federal Rule of Civil Procedure 12 and Local Rule 7.1, hereby files this Motion to Dismiss Plaintiff's First Amended Complaint ("Amended Complaint") [D.E. 9], and in support thereof, states as follows:

**INTRODUCTION**

This case stems from an alleged discrimination in the rental of a dwelling and an alleged failure to accommodate an emotional disability. Plaintiff, MISMA RIVERA ("Plaintiff"), purports to suffer from depression and anxiety. Complaint, ¶7. Plaintiff also purports that her emotional disability substantially limits one or more of her major life activities. *Id.* Additionally, Plaintiff purports to own an emotional support animal, a two-year old cat, that allegedly helps alleviate the symptoms resulting from her emotional disability. *Id.* at ¶8.

Moreover, Plaintiff alleges that she submitted an application to rent a property located at 1801 N.E. 62nd Street, Building 1, Unit 101, Fort Lauderdale, Florida 33308 (the "Dwelling"). *Id.* at ¶9. Plaintiff also alleges that Defendant advised her that Defendant had a no-pet policy and that

Plaintiff had to be interviewed by Defendant's board of directors once the application was approved. *Id.* at ¶10. Plaintiff also alleges that when Defendant's board of directors interviewed her on August 14, 2019, Plaintiff presented a letter from her therapist which stated that the cat's presence would help alleviate the Plaintiff's symptoms. *Id.* at ¶12.

Plaintiff also alleges that Defendant denied Plaintiff's application to rent the Dwelling on August 19, 2019 without requesting any additional information. *Id.* at ¶13. Plaintiff alleges that "Defendant discriminated against Plaintiff by denying Plaintiff's application to rent the Dwelling, of which Plaintiff was otherwise fully qualified for, because Plaintiff's disability necessitated a need for an ESA." Complaint, ¶20. Plaintiff alleges to have incurred damages from Defendant's alleged actions. *Id.* at ¶21, 25. Accordingly, Plaintiff asserted two counts against Defendant, including: I) Discrimination that violates 42 U.S.C. § 3604(f)(1)-(2), and (II) Failure to Accommodate that violates 42 U.S.C. § 3604(f)(3) in Plaintiff's Complaint, which was filed on September 3, 2019. On September 30, 2019, Defendant filed its Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim. Specifically, Defendant contended that: I) Plaintiff did not independently and separately plead violations of 42 U.S.C. § 3604(f)(1) and 42 U.S.C. § 3604(f)(2); II) Plaintiff insufficiently pled that she is disabled or handicapped within the meaning of the Fair Housing Act; and III) Plaintiff insufficiently pled that Defendant knew or should have known that a reasonable accommodation was in fact necessary. On October 14, 2019, Plaintiff filed an Amended Complaint in an attempt to address the issues stated in Defendant's Motion to Dismiss which also asserts two counts, including: I) Discrimination that violates 42 U.S.C. § 3604(f)(1), and (II) Failure to Accommodate that violates 42 U.S.C. § 3604(f)(3).

As discussed below, Plaintiff's Amended Complaint still includes material deficiencies which require dismissal under Federal law.

Case No. 19-CV-62193

## ARGUMENT AND MEMORANDUM OF LAW

**I.  Standard for Dismissal**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), dismissal of a complaint is appropriate "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hazel v. Scool. Bd. of Dade County*, 734 F. Supp. 2d 1349, 1352 (S.D. Fla. 1998) (*quoting Conly v. Gibson*, 355 U.S. 41, 45–46 (1957)) (holding that a motion to dismiss will be granted when "it appears beyond doubt that the plaintiff can prove no set of facts in support of [its] claim which would entitle [it] to relief")); *Mallo v. Public Health Trust of Dade Cty*, 88 F. Supp. 2d 1376 (S.D. Fla. 2000). *Accord Hirshon v. King & Spotting,* 467 U.S. 69, 73 (1984).  A motion to dismiss for failure to state a claim tests the sufficiency of the complaint. *Hazel*, 7 F. Supp. 2d at 1352. Dismissal of a complaint is appropriate on the basis of a dispositive issue of law or when there is no necessity to construe factual allegations contained within the complaint. *Marshall Cty Bd. of Ed. v. Marshall Cty. Gas Dist.,* 992 F.2d 1171 (11th Cir. 1993).

When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court must accept the allegations in the complaint as true and construe them in a light most favorable to the plaintiff. *See, Christopher v. Harbury*, 536 U.S. 403, 406 (2002).  To survive a motion to dismiss under Rule 12(b)(6), the plaintiff must plead sufficient facts to state a claim for relief that is plausible on its face and "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007). *Accord Streeter v. City of Pensacola,* 2007 WL 809786 (N.D. Fla. 2007).  Thus, "a plaintiff's obligation to provide the grounds of his entitlement to relief require more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 1964–65.

### II. Plaintiff insufficiently pleads that she is disabled or handicapped within the meaning of the Fair Housing Act.

To establish a claim under Section 3604(f)(1), "a complaint must allege that the adverse action was taken *because of* a disability and state the facts on which the plaintiff relies to support that claim." *Hunt*, 814 F.3d at 1222. Additionally, to establish a Section 3604(f)(3) claim, a plaintiff must allege that: "(1) [s]he is disabled or handicapped within the meaning of the FHA, (2) [s]he requested a reasonable accommodation, (3) such accommodation was necessary to afford [her] an opportunity to use and enjoy [her] dwelling, and (4) defendants refused to make the requested accommodation." *Hawn v. Shoreline Towers Phase 1 Condominium Ass'n, Inc.*, 347 Fed.App'x. 464, 467 (11th Cir. 2009) (citing *Schwarz v. City of Treasure Island*, 544 F.3d 1201, 1218-19 (11th Cir. 2008)); *see Sun Harbor Homeowners' Ass'n, Inc. v. Bonura*, 95 So.3d 262, 268 (Fla. 4th DCA 2012) (citing *Prindable v. Ass'n of Apartment Owners of 2987 Kalakaua*, 304 F.Supp.2d 1245, 1254 (D.Haw. 2003)). The FHA defines "handicap" as "(1) a physical and mental impairment which substantially limits one or more of such person's major life activities,[1] (2) a record of having such impairment, or (3) being regarded as having such an impairment. . ." 42 U.S.C. § 3602(h). Here, Plaintiff failed to plead sufficient facts that she is disabled or handicapped within the meaning of FHA.

Plaintiff alleges that "Plaintiff suffers depression and anxiety, which substantially limits one or more major life activities of Plaintiff.  For example, due to this emotional disability, Plaintiff has limitations with respect to stress and anxiety that, if exceeded, physically manifest and can restrict Plaintiff's ability to earn an income and the enjoyment of day-to-day life." Complaint, ¶7.

---

[1] The Fair Housing Act uses the term "handicap" instead of the term "disability." Both terms have the same legal meaning, *See Bragdon v. Abbott*, 524 U.S. 624, 631 (1998)(noting that definition of "disability" in the Americans with Disabilities Act is drawn almost verbatim from the definition of 'handicap' contained in the Fair Housing Amendments Act of 1988").

Such a generic description of an alleged disability is nothing more than a threadbare conclusory recital to satisfy the pleading standard and does nothing to allege the requirements that Plaintiff must at least allege that "the adverse action was taken because of a disability" and "such [a requested] accommodation was necessary to afford [her] an opportunity to use and enjoy [her] dwelling." *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *see also Harding v. NCL (Bahamas) Ltd.*, 90 F.Supp.3d 1305, 1308 (S.D. Fla. 2015 (quoting *Iqbal* U.S. at 678.) Plaintiff has not pled any facts showing how her alleged depression and anxiety actually substantially limits any major life activity or the use or enjoyment of the dwelling at issue.

"Major life activities are defined in the regulations as 'functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning and working.'" *Hillburn v. Murata Electronics of N. America, Inc.*, 181 F.3d 1220, 1226-27 (11th Cir. 1999) (quoting 29 C.F.R. § 1630.2(*i*) (1997)). "With respect to the major life activity of working, the regulations explain that the term 'substantially limits' means 'significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills, and abilities. The inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working.'" *Id.* (quoting 29 C.F.R. § 1630.2(j)(3)(i) (1997)).

In this case, Plaintiff does not allege any major life activity that is substantially limited by her alleged depression and anxiety to permit her Complaint to satisfy the FHA, the satisfaction of which, is necessary for the Complaint to pass pleading muster. The only allegation that is noted that has a possibility of alleging a major life activity that is substantially limited is "Plaintiff's ability to earn an income." *See* Complaint, ¶7. Threadbare and conclusory recitals of elements,

however, have already been addressed and established as insufficient to meet the pleading standard. Indeed, if the Board of Directors was to know why the cat was required to live in a pet-free environment, then the information as to why the Plaintiff's disability hinders her income without this cat should have been disclosed to the Board and must, therefore, be pled here as a central fact of the case and requirement of the FHA. In that regard, Plaintiff fails to plead any facts as to how she is significantly restricted in the ability to perform any job such that it would justify the accommodation at issue in this case. Accordingly, Plaintiff fails to allege that she has a disability that falls within the meaning of the FHA and failed to allege how the cat at issue is a necessity for requiring the accommodation at issue. These allegations are critical to the pleadings of this case, to have Plaintiff allege these known facts up front, so that Defendant can develop its defenses targeted to such alleged central facts and to prevent Plaintiff from changing positions as the case develops.

### III. Plaintiff insufficiently pleads that Defendant knew or should have known that a reasonable accommodation was in fact necessary.

"The FHA's reasonable accommodation provision requires only those accommodations that 'may be necessary . . . to afford equal opportunity to use and enjoy a dwelling.'" *Schawrz*, 544 F.3d at 1226 (quoting 42 U.S.C. § 3604(f)(3)(B). Under the FHA, "[a defendant] cannot be liable for refusing to grant a reasonable and necessary accommodation if [it] never knew the accommodation was in fact necessary," and therefore in this case, such a fact must be pled in the Complaint. *Schwarz*, 544 F.3d at 1219 (internal quotation omitted). In other words, "the defendant must know or reasonably be expected to know of the existence of both the handicap and the necessity of the accommodation." *Hawn*, 347 Fed.Appx at 467 (citing *Dubois v. Ass'n of Apartment Owners of 2987 Kalakaua*, 453 F.3d 1175, 1179 (9th Cir. 2006)). Furthermore, "[a

defendant] must . . . have been given an opportunity to make a final decision with respect to [a plaintiff's] request, which necessarily includes the ability to conduct a meaningful review of the requested accommodation to determine if such an accommodation is required by law". *Schwarz,* 544 F.3d at 1219 (11th Cir. 2008) (quoting *Prindable v. Ass'n of Apt. Owners,* 304 F.Supp.2d 1245, 1258)); *see also Bhogaita v. Almonte Heights Condominium Ass'n, Inc.,* 2012 WL 10511 at *4 (M.D. Fla. Jan. 3, 2012). Letters that a plaintiff provides that include "unclear explanations as to the nature and extent of [her] disability" are not sufficient to show whether a defendant knew of the necessity of her requested accommodation. *Hawn*, 347 F.Appx. at 468.; *see also Prindable* 304 F.Supp.2d at 1259, n.28 ("Neither [doctors' letters] provided, for instance, a basis from which [the defendants] could conclude that a service animal was necessary to afford [the plaintiff] an equal opportunity to use and enjoy his dwelling.").

Plaintiff has not sufficiently pleaded that Defendant knew or reasonably expected to know that the accommodation was in fact necessary—so much so that the Defendant was to go against its no pet rule which necessarily impacts the rights and expectations of the other residents in the community. In regards to whether Defendant knew or reasonably expected to know that the accommodation was in fact necessary, Plaintiff alleges in an entirely conclusory fashion that "upon Plaintiff's interview with the Defendant's board of trustees, wherein Plaintiff's provided the letter obtained from her therapist and requested an accommodation, Defendant had notice of Plaintiff's disability" and that she "provided Defendant with documentation from her ("Plaintiff's["]) therapist evidencing that the requested accommodation was necessary to afford Plaintiff an opportunity to use and enjoy the Dwelling." *See* Complaint ¶¶17, 24. Similar to the letters that the plaintiffs provided in *Hawn* and in *Prindable*, the letter from Plaintiff's therapist is unclear regarding the nature and extent of her alleged disability and does not provide a basis from which

Defendant could conclude that an emotion support animal was in fact necessary to afford Plaintiff an accommodation as called for by Florida law.

By way of example, the quoted language from the letter does not provide any information as to the nature of Plaintiff's alleged stress and anxiety and does not provide the extent to which it would hinder her ability to fully use and enjoy the Dwelling without Plaintiff's possession of the cat. *See* Complaint ¶12. The letter states "[t]he presence of this animal is necessary for the emotional health of Misma Rivera, considering that its presence will mitigate the symptoms she is currently experiencing and will help alleviate these challenges. Complaint ¶12. Yet, the letter does not state how the cat is necessary for her equal opportunity to fully use and enjoy the Dwelling so that the Board can properly consider going against the community's no-pets rule. Indeed, her equal use and enjoyment must be considered against the similar equal use and enjoyment of the other residents who are expecting no pets will live in the community. In light of this, the Board has an obligation to determine the cat is necessary for her use of the dwelling, and such information must be pled.

To be clear, Defendant did not willfully or intentionally deny Plaintiff's request, but sought information to conduct a meaningful review of Plaintiff's request for reasonable accommodation. As previously stated, the letter from Plaintiff's therapist is unclear as to the nature and extent of Plaintiff's alleged disability, which, in of itself, is not sufficient to provide notice to Defendant that a reasonable accommodation for the cat was in fact necessary. Contrary to Plaintiff's assertion that reasonable accommodation was not provided, it is Defendant's position that it attempted to gather sufficient information necessary to make a final decision in its attempt at a meaningful review of the requested accommodation.

Case No. 19-CV-62193

WHEREFORE, Defendant, GEORGIAN COURT APARTMENTS, INC., respectfully requests this Honorable Court enter an order granting Defendant's Motion to Dismiss Plaintiff's First Amended Complaint and grant any other relief this Court deems just and proper in light of the foregoing.

Dated: October 24, 2019                    Respectfully submitted,

By: s/Justin B. Levine
Justin B. Levine, Esq. (FL Bar Number 106463)
justin.levine@csklegal.com
COLE, SCOTT & KISSANE, P.A.
222 Lakeview Avenue, Suite 120
West Palm Beach, Florida 33401
Telephone: (561) 383-9200
Facsimile: (561) 683-8977
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing on October 24, 2019, with the Clerk of Court using CM/ECF, which will automatically send a notice of electronic filing to all counsel and parties of record on the Service List below.

/s/Justin B. Levine

## SERVICE LIST

Jibrael S. Hindi, Esq.
jibrael@jibraellaw.com
Thomas J. Patti, Esq.
tom@jibraellaw.com
THE LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 S.E. 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Telephone: (954) 907-1136
Facsimile: (855) 529-9540
*Attorneys for Plaintiff*